COMMONWEALTH *vs.* NEW ENGLAND SLATE AND TILE COMPANY.

A tax assessed upon a corporation, under *St.* 1864, *c.* 208, is valid, although the assessors of the city or town in which the corporation is established omitted to make returns to the treasurer of the Commonwealth, as required by that statute; and although the tax commissioners made no attempt to ascertain the value of the corporation's real estate and machinery situated out of the Commonwealth, and made no deduction from the amount of the tax on account thereof, or on account of taxes paid by the corporation upon its real estate and machinery situated out of the Commonwealth, or upon shares owned by it in another corporation established here.

If a tax has been assessed upon a corporation, under that statute. and notice thereof given to the corporation, and the amount of the tax has been subsequently reduced, it is not necessary to give formal notice of the reduction to the corporation, before proceeding to collect the tax.

CONTRACT brought to recover the amount of a tax assessed upon a corporation, under *St.* 1864, *c.* 208.

At the trial in the superior court, before *Brigham*, J., without a jury, it appeared that on the 30th of May 1864 the defendants' treasurer sent to the treasurer of the Commonwealth the following statement: " The par value of shares is $50 each. The cash market value, so far as I know, is $30 to $50 per share. The capital stock is $300,000. Its real estate is situated in Hampton, New York. Neither the real or personal estate has been hitherto assessed, to my knowledge, since owned by the present company." A list of stockholders was appended to this notice.

The defendants were a corporation established in Boston ; but no return was made by the assessors of Boston to the treasurer of the Commonweath, under *St.* 1864, *c.* 208, § 1. On the 1st of October 1864 the treasurer and auditor of the Commonwealth made a record, certifying that, having ascertained, they did thereby determine the excess of the market value of all the

capital stock of each of certain corporations therein named, over
the value of its real estate and machinery, as returned by the
assessors of the several cities and towns in the Commonwealth,
to be the amounts set down in a schedule annexed ; and in that
schedule the whole value of the defendants' capital stock was
put at $300,000, and the excess of value over the value of real
estate and machinery was also put at $300,000; and a tax of
$3500, or one and one sixth per cent., was laid thereon, and no-
tice thereof was sent by mail to the defendants' treasurer.   This
excess was afterwards determined to be $180,000, but no new
notice was sent to the defendants, indicating the change.   This
reduction was made by estimating the cash market value of the
stock at thirty dollars per share, instead of fifty, and no allow-
ance was made for real estate or machinery.   The commission-
ers made no attempt to ascertain the value of the defendants'
real estate and machinery, all of which was situated in Hamp-
ton, New York, and was of the value of more than $5000.   The
defendants also owned 8550 shares of the Boston and New
York Slate and Tile Company; and in 1864 they paid taxes in
Hampton upon their real estate and machinery situated there,
and also paid taxes in Massachusetts upon their above named
shares.

The judge ruled that the Commonwealth was entitled to re-
cover $2100, with interest thereon ; and the defendants alleged
exceptions.

*L. Mason,* for the defendants.

*Reed,* A. G., for the Commonwealth.

WELLS, J.   The right to levy the tax cannot be defeated by
any neglect of the city or town to make the proper returns.
The commissioners may ascertain the necessary facts " other-
wise."   The language of the statute does not preclude the com-
missioners from making the examination of the returns through
the instrumentality of clerks employed by them.

No question of law is raised by the exceptions in regard to
the notice to the defendants.   It was a question of fact merely
which must have been found by the judge against the defend
ants ; and his finding, in matters of fact, is conclusive.

The defendants cannot complain of a reduction of the tax, after notice of the original assessment. If not made upon application therefor, it may be presumed to have been with the assent of the defendants.

The tax imposed by *St.* 1864, *c.* 208, has been decided to be an excise upon the corporate franchise, and not a property tax. *Commonwealth* v. *Hamilton Manuf. Co.* 12 Allen, 298. It is not affected by the character of the investments of the corporate property, except so far as deductions are allowed by the provisions of the statute itself; and the statute does not authorize the deductions which are claimed in this case.

The constitutionality of the tax is not to be determined by circumstances which are peculiar to the particular case in which the question arises. The provisions of the *St.* of 1864, *c.* 208, have been decided to be in accordance with the constitution; and the fact that the defendant corporation held property, which was subject to the burden of taxation in other ways, does not render this tax upon its franchise illegal. In the practical operation of the powers of taxation, which are given in several forms, it is inevitable that double taxation should occur in some cases. The legislature may relieve against it by allowing deductions, if it sees fit to do so; but the court can only apply the law as it stands. *Exceptions overruled.*